## Commonwealth ex rel. v. Gutman et al.

*Corporations—Electors—Directors—Voting.*

1. Where stockholders vote at a corporate election for fifteen directors, and the tellers report that sixteen candidates have received a majority of the votes cast, with a tie vote for four persons, and one of the latter withdraws his name, the meeting cannot declare that the twelve candidates who have received the highest vote have been elected and proceed to another election for three directors, at which the three persons who had been elected at the first election were defeated.

2. In such case, the person who withdrew his name had a right to do so, and the fifteen nominees who had received a majority of the votes of the stockholders were duly elected, and no vacancy existed to be filled by a second election.

Rule for judgment against defendants for want of sufficient answer. C. P. No. 5, Phila. Co., Dec. T., 1927, No. 1121.

*G. Butterworth,* for plaintiff.

*Taylor, Robey, Hoar & Nicholson,* for defendants.

MARTIN, P. J., May 17, 1928.—At the annual meeting of the stockholders of the Master Building and Loan Association an election was held for fifteen directors.

The stockholders exercised the privilege of cumulative voting.

The tellers reported that sixteen candidates had received a majority of the votes cast, and a tie vote for Howard N. Oler, Robert J. Darrah, Mark C. Ballinger and John H. Oler.

When the report of the tellers was received, John H. Oler withdrew his name as a candidate. Then the result of the election was that fifteen candidates remained who had received a majority of the votes cast, and three of these candidates received the same number of votes. Fifteen directors were elected.

Although fifteen directors had been duly elected, a resolution was passed at the meeting that the twelve candidates who had received the highest vote should be declared elected directors and another election should be held forthwith for three directors.

At the second election, stockholders who had previously cumulated their votes for the twelve directors who had received the highest number of votes again cumulated and cast their votes for three candidates—Louis Gutman, Roy W. Thacklinburg and George S. Dunsafe, who claim to have been elected directors.

The three directors who received the tie vote at the first election filed this petition, praying for a writ of *quo warranto* to test the right of those claiming to hold the office of directors by virtue of the second election.

An answer was filed by the respondents to the petition, but none of the facts averred in the petition are denied.

The relators moved for judgment on the pleadings.

John H. Oler had the right to withdraw his name as a candidate. When he did so, the fifteen nominees who had received a majority of the votes of the stockholders were the duly elected directors, and no vacancy existed to be filled by a second election.

The majority of stockholders exercised their right to cumulate their votes and elected a majority of the directors. They cannot be permitted to defeat the right of the minority to representation on the board by arbitrarily declaring three vacancies to have existed when there were no vacancies, and by again cumulating their votes elect an entire board of their choosing and defeat the right of minority stockholders to be represented on the board. The second election, at which Louis Gutman, Roy W. Thacklinburg and George S. Dunsafe claimed to have been elected, was illegal and void.

And now, to wit, May 17, 1928, judgment is entered for relators and against respondents.

It is ordered and decreed that the relators, Howard N. Oler, Robert J. Darrah and Mark C. Ballinger, are duly elected directors of the Master Building and Loan Association, and that the respondents, Louis Gutman, Roy W. Thacklinburg and George S. Dunsafe, are not entitled to hold the office of directors.